# Wissahickon Mutual Fire Insurance Company *v.* Wannemacher.

Petition for reargument.    Superior Court of Pennsylvania.
Oct. T., 1900, No. 156.

The case was originally reported in 15 Pa. Superior Ct. 580.

PER CURIAM, May 6, 1901:

The claim of the plaintiff in this case, as set forth in his statement, is for the sum of $92.93, with interest, for moneys collected by defendants on behalf of the said the Wissahickon Mutual Fire Insurance Company.   It is further alleged in the statement: " Plaintiff is informed and believes and, therefore, avers that all of said policies were issued by the said insurance company at the instance and request of defendants and on their liability, and that said defendants have collected and received the premiums due on said policies, as appear in the foregoing entries whereby defendants became liable to pay said sums, less their commissions, and promised so to do and, though often requested so to do, have failed to pay said sum or any part thereof." The question, therefore, " as to whether or not the defendants, acting as the agents of the insurance company now in the hands of a receiver, are liable for the premiums on all policies delivered to them and for which they extended credit and for which they claim they are not liable, inasmuch as they did not receive the cash therefor " is not legitimately raised in the case.   It is alleged, in support of this allegation, " that in their dealing with the company on its books, the defendants were made the personal debtor of the company for premiums on all policies issued through them, and that the books of the defendant also evidence this relation ; that the defendants made those to whom they delivered policies of insurance on credit their personal debtors, dealing with them in that relation, charging them with the premiums on their books, etc."   The books of the company, however, were not in evidence and were properly rejected, as we endeavored to show.

The evidence in this case does not bring it within the ruling

of the Supreme Court in Lebanon Mutual Insurance Co. v. Hoover et al., 113 Pa. 591. In that case the evidence plainly showed that Tredick, the special agent of the company, " in his dealings with the company was made its personal debtor for premiums on all policies issued through him, and that he periodically accounted to it therefor, whether the money was received by him from the persons to whom the policies were issued or not; that he made the persons or firms to whom he delivered policies his personal debtors and dealt with them in that relation, charging them with the premiums on his books, sending them bills in his own name and making himself responsible to the company for the same, and that the bills for premiums were generally rendered sometime during the month after the insurance was effected." There is no testimony in this case which establishes such a relation between the plaintiff and the defendants. On the contrary, it is exactly the reverse. There was not sufficient evidence to go to the jury upon that question and for this reason also it is not legitimately in the case. If the testimony showed that the terms of the agency were such as are alleged by the plaintiff, we would, of course, hold the defendants liable, but it does not follow from the mere fact of agency that the agent becomes personally liable to the insurance company for all the premiums upon policies issued by him. We see nothing to be gained by a reargument and the motion is, therefore, refused.